IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL MCDONALD, #304010     * | |
|       Plaintiff, | |
|     v.     * | CIVIL ACTION NO. PJM-05-3271 |
| WARDEN     * | |
|       Defendant. | |
|                                     *** | |

**MEMORANDUM OPINION**

On December 27, 2004, Paul McDonald filed a civil rights complaint alleging, in part, that he was subject to a guard assault at the Roxbury Correctional Institution ("RCI") on November 6, 2004. *See McDonald v. Sowers, et al.*, Civil Action No. PJM-04-4035 (D. Md.). On June 20, 2005, this Court granted Defendants' Motion for Summary Judgment. The case is currently on appeal before the United States Court of Appeals for the Fourth Circuit.

McDonald subsequently mailed a ten-page letter to a member of this Court on or about November 10, 2005. The matter was construed and instituted as a 42 U.S.C. § 1983 complaint on December 5, 2005. Therein, Plaintiff claims that: (i) he was subject to a guard assault at RCI on November 6, 2004; (ii) the Western Correctional Institution ("WCI") was built on a "toxic contaminated section of land" previously used by the Celenese Company as a waste plant;[1] and (iii) he has been subject to racial remarks by prison staff. For reasons to follow, the complaint shall be subject to summary dismissal.

---

[1] Plaintiff seemingly alleges that he was transferred to WCI in retaliation for reporting complaints regarding the November, 2004 assault.

Under the doctrine of res judicata, or claim preclusion, a final decision on the merits of an action precludes the parties or their privies from re-litigating issues that actually were raised or could have been raised in that action. *See Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984). Moreover, the doctrine of collateral estoppel, or issue preclusion, operates to prevent re-litigating matters determined in a prior proceeding. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979). In effect, it prevents a plaintiff from asserting a claim that he had previously litigated against another defendant. Collateral estoppel may be used as a bar if a plaintiff had a full and fair opportunity to litigate the issues in the previous suit; mutuality of the parties is not required. *See Blonder-Tongue Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313 (1971); *Thurston v. United States*, 810 F.2d 438 (4th Cir. 1987). Under these doctrines, Plaintiff may not litigate anew his claims against RCI officers regarding the alleged November 6, 2004 guard assault.

Insofar as Plaintiff makes a general complaint that he has been the subject of racial epithets by prison officers, his allegation does not present a viable constitutional claim. While this Court does not condone such alleged behavior, acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir.1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y.1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D.Ill.1994) (inmate's "allegations

of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment).

Finally, to the extent that Plaintiff complains about his transfer to WCI from RCI, alleging the movement was retaliatory in nature, his claim shall be dismissed without prejudice. First, Plaintiff's claim of retaliation is fairly conclusory in nature. Moreover, Plaintiff has failed to show how his transfer from one medium security facility to another has placed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."[2] *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Accordingly, a separate Order shall be entered dismissing Plaintiff's assault and harassment claims. His retaliation claim shall be dismissed without prejudice.

Date:   12/22/05                                        /s/
                                              PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE

---

[2] The Court finds Plaintiff's claims that WCI was built on a toxic waste site and that the land is unsafe for habitation incredible and unsupported, and in any event, actual injury to Plaintiff is not alleged.